UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **WILLIAM F. READE, JR.,**<br>**Plaintiff,**<br><br>v.<br><br>**NANCY PELOSI, Speaker of the**<br>**House of Representatives, et**<br>**al.,**<br>**Defendants.** | Civil Action No.<br>20-11039-NMG |

**MEMORANDUM AND ORDER**

**GORTON, J.**

For the reasons set forth below, the Court dismisses this action.

I. **Background**

On June 1, 2020, pro se plaintiff William F. Reade, Jr. ("Reade"), filed a complaint against Speaker of the United States House of Representatives Nancy Pelosi; former President of the United States Barack Obama; Massachusetts Secretary of State William Galvin; and three federal judges. See Complaint ("Compl."), Docket No. 1. Reade states that the events giving rise to his claim arose in 2008 at the Democratic National Convention ("DNC"). Id. at III(B).

Reade claims that he was "denied access to the Presidential Ballot because [Reade's] Father was [B]ritish when [Reade] was born, Mr. Obamas [sic] Father was also British when he was born. However, he easily gained access to the Ballot in Massachusetts

by a nomination paper signed by Nancy Pelosi as Chair of [the DNC]." Id. at ¶ III(C).  Reade complains that Pelosi "denied [him] 'Equal Treatment' [under the] 14th Amendment." Id.  Reade complains that President Obama appointed the three defendant "Federal Judges who lied and denied [Reade his right] to be heard, and refused to recuse themselves." Id.  For relief, Reade seeks monetary damages. Id. at ¶ V.

Reade did not pay the $400 fee for filing a non-habeas civil action or seek leave to proceed in forma pauperis.

**II. Discussion**

In reviewing Reade's complaint, the Court liberally construes the allegations because he is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  Even with a liberal reading, the complaint fails to allege any facts that could support a claim against any of the defendants.

To the extent that the complaint asserts claims against the judicial officer defendants based on Reade's dissatisfaction with the manner in which his cases have been decided, the doctrine of absolute judicial immunity requires dismissal. "[W]hen a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019); see also Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (judicial immunity is overcome only for "actions not taken in the judge's judicial capacity"

and "for actions, though judicial in nature, taken in the complete absence of all jurisdiction") (per curiam).  Judicial immunity from claims for damages applies even when a judge's "actions are malicious, corrupt, mistaken, or taken in bad faith."  Zenon, 924 F.3d at 616.  Because Reade challenges conduct undertaken while the judicial defendants were performing judicial functions, these defendants are entitled to absolute immunity.

To the extent that the complaint asserts claims concerning the denial of access to the "Presidential Ballot" in 2008, Reade cannot establish standing because, with respect to defendants Pelosi, Obama and Galvin, there is no injury-in-fact particularized to Reade.  Federal courts have jurisdiction under Article III of the U.S. Constitution only if the plaintiff has standing to sue.  See Horne v. Flores, 557 U.S. 433, 445 (2009); Kerin v. Titeflex Corp., 770 F.3d 978, 981 (1st Cir. 2014).  To satisfy standing, a plaintiff "must allege personal injury fairly traceable to the defendant[s'] allegedly unlawful conduct and likely to be redressed by the requested relief." Bingham v. Mass., 616 F.3d 1, 5 (1st Cir. 2010) (quoting Hein v. Freedom from Religion Found., Inc., 551 U.S. 587, 598 (2007)).  To state a claim for relief, the complaint must allege specific facts from which the court may reasonably infer that he seeks redress for an actual or threatened concrete injury to himself.  Reade's claim that he

3

has been injured because he is, from a citizenship perspective, identical in posture to former President Obama, is purely conclusory, conjectural and hypothetical.  Absent standing, the Court is without subject matter jurisdiction under Article III of the Constitution.

Here, where "it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile," a dismissal sua sponte is appropriate.  Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23, (1st Cir. 2014) (citations and internal quotation marks omitted).  The Court has inherent authority to dismiss any complaint which "upon the face of the pleading present[s] no cause of action recognized by the law." Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 11 n.5 (1st Cir. 1985) (quoting O'Connell v. Mason, 132 F. 245, 247 (1st Cir. 1904)).  Given the nature of the deficiencies, amendment would be futile and this action will be dismissed.

## ORDER

In accordance with the foregoing, it is hereby ORDERED

1. This action is DISMISSED without prejudice.
2. The Clerk shall enter a final order of dismissal.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: June 2, 2020